U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St N.W.*
*Washington, D C. 20530*

May 22, 2007

Barry Johnson, Esquire
1050 Connecticut Ave., N.W.
10th Floor
Washington, D.C. 20036
FAX: (202) 595-1831

**FILED**

**MAY 2 9 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

               Re:     United States v. James White, 07-098 (PLF)

Dear Mr. Johnson:

     This letter sets forth the full and complete plea offer to your client, Mr. James T. White, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below. This offer will expire after May 29, 2007. Upon receipt of the executed document, this letter will become the Plea Agreement. It is anticipated that the parties will select a mutually convenient date as soon in the future as practicable for the entry of your client's plea. The terms of the offer are as follows:

**Charges and Statutory Penalties**

     1.     Your client agrees to plead guilty to count one of the Indictment charging him with a violation of Title 18, United States Code, Section 656 (bank embezzlement). Your client agrees and will acknowledge at the time of his guilty plea that, in connection with his fraudulent conduct, he is accountable for the embezzlement and theft of $126,800.00.

     2.     Your client understands that the statutory maximum sentence that can be imposed is thirty (30) years imprisonment and a fine up to $1,000,000, pursuant to Title 18, United States Code, Section 656; a period of supervised release of not more than five years, pursuant to Title 18, United States Code, Section 3583; a special assessment of $100, pursuant to Title 18, United States Code, Section 3013; an order of restitution, pursuant to Title 18, United States Code, Section 3663A; and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

     3.     It is anticipated that prior to or during the plea hearing, your client will adopt and sign the attached "Statement of Offense" as a written proffer of evidence. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office

for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss the remaining counts in the indictment against your client. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4.   Your client agrees that the Statement of Offense fairly and accurately describes his actions and involvement in the offense to which he is pleading guilty. Your client and the Government agree, pursuant to Section 1B1.3 of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G."), that your client is accountable for the theft of $126,800.00, which represents the total amount involved in your client's readily provable relevant conduct.

### Sentencing Guidelines Factors

5.   Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in Title 18, United States Code, Section 3553(a), including a consideration the Sentencing Guidelines current at the time your client pleads guilty. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Accordingly, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, your client and the Government agree that, at a minimum, the following offense level applies to your client's conduct:

Offense Level Under the Guidelines

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a)(1) | Base offense level | 7 |
| U.S.S.G. § 2B1.1(b)(1)(F) | Specific offense characteristics<br>Loss amount of more than $120,000 but less than $200,000 | +10 |
| U.S.S.G. § 3B1.3 | Abuse of Position of Trust | +2 |
| U.S.S.G. § 3E1.1 | Acceptance of responsibility | -3 |
| | Total offense level | 16 |

2

However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

### Agreement as to Sentencing Allocution

6.      The government agrees that it will not oppose your client being sentenced to a period of incarceration at the low end of his applicable range under the Sentencing Guidelines. The parties further agree that a sentence within the applicable range of incarceration under the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that your client may seek a sentence outside of the applicable range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

7.      Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

8.      In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

9.      It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines

range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

10. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

11. In addition to the other penalties provided by law, the Court must also order that your client make restitution under Title 18, United States Code, Section 3663A. The government and your client agree that your client has already paid $126,800.00 in restitution to Mercantile Potomac Bank. Notwithstanding your client's payment of restitution in the amount stated in the previous sentence, your client is aware that the Court may order the payment of additional restitution.

### Release/Detention

12. The Government will not request at the time of the plea hearing that your client be held pending sentencing; however, your client acknowledges that the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government will not to oppose that your client voluntarily surrender to commence serving any sentence which might be imposed. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Breach of Agreement

13. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to

4

withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

14.     Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

15.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

16.     Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Constitutional and Statutory Rights

17.     In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Waiver of Statute of Limitations

18.     It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

19.     By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

20.     No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

21.     Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

22. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*[signature]*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *[signature]*
PERHAM GORJI
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4233
Washington, D.C. 20530
(202) 353-8822

I have read the plea agreement, consisting of seven pages, and have discussed it with my attorney. I fully understand the agreement and agree to it without reservation. I do so voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand the agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one. I am satisfied with the legal services provided by my attorney in connection with the plea agreement and matters related to it.

Date: 5/27/07

*[signature]*
Mr. James T. White
Defendant

I have read each of the seven pages constituting the plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in the agreement.

Date: 5/29/07

*[signature]*
Barry Johnson, Esq.
Attorney for Defendant