IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CRIMINAL NO. 07-098 (PLF) |
| : | |
| JAMES T. WHITE : | |
| : | |
| Defendant. : | |

### SUPPLEMENT TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Defendant James T. White, through counsel, respectfully submits the following Supplement to his Supplemental Memorandum in aid of his sentencing.

On April 3, 2008, James T. White filed a sentencing memorandum to supplement a sentencing memorandum previously filed by Mr. White's original defense counsel. At the time of the filing of the Supplemental Memorandum in Aid of Sentencing, Mr. White's new counsel (i.e. undersigned counsel) and the government had not been able to reach an agreement regarding whether, under the plea agreement, it is permissible for Mr. White to challenge the applicability of an abuse of position of trust enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 3B1.3.[1] At the end of the day on April 9, 2007, counsel for the government advised undersigned counsel that, under the circumstances, the government agrees that Mr. White can challenge the applicability of the § 3B1.3 enhancement in this case. Therefore, Mr. White is now

---

[1] While the terms of the plea agreement in this case suggest that Mr. White must consent to the applicability of an enhancement under U.S.S.G. § 3B1.3, statements made by counsel during the plea colloquy indicate that Mr. White is permitted to challenge the applicability of any enhancement pursuant to U.S.S.G. § 3B1.3.

1

filing this supplement to his supplemental sentencing memorandum to further address whether an enhancement under U.S.S.G. § 3B1.3 is warranted.

Under the United States Sentencing Guidelines, a defendant can receive a two-level enhancement if he "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. In the Application Notes for U.S.S.G. § 3B1.3, it is stressed that "`[p]ublic or private trust' refers to a position . . . characterized by professional or managerial discretion." U.S.S.G. § 3B1.3, Application Note, 1. Having a position of public or private trust alone does not warrant application of an enhancement under § 3B1.3. In addition to finding that Mr. White held a position of public or private trust, the court must also find that Mr. White's position "significantly facilitated the commission or concealment of the offense" in order to apply the two level adjustment. See U.S.S.G. § 3B1.3; see also United States v. West, 56 F.3d 216, 219 (D.C. Cir. 1995). It is improper to conclude that an enhancement under § 3B1.3 is justified simply because Mr. White's position somehow assisted in the commission of an offense. According to the Sentencing Guidelines, "[f]or this adjustment to apply, the position of public or private trust must have contributed in some *significant* way to facilitating the commission or concealment of the offense." U.S.S.G. § 3B1.3, Application Note 1 [emphasis added].

As a sales manager with Mercantile Potomac Bank, Mr. White's main function was to bring business to the bank. Mr. White worked at bringing a wide range of clients to the bank and his speciality was to encourage small businesses to open accounts at the bank. Mr. White was not regularly involved with the day to day operations of the bank and he was involved in only a small fraction of all bank transactions. Mr. White's sales manager position clearly did not significantly

facilitate the commission or concealment of the instant offense. In fact, other than being an employee of the bank, Mr. White's specific position at the bank played no role in his ability to commit the offense or to conceal his crime.

In order to commit the instant crime, Mr. White essentially committed two acts. First, he improperly withdraw money from a Certificate of Deposit (CD) account from a bank customer. Second, Mr. White used the funds from the CD in order to issue a cashier's check which was payable to a third party. The first act committed by Mr. White was an act which any bank branch employee could have done. Any branch employee would have been able to withdraw funds from the customer's account and all branch employees were able to approve withdrawals from the accounts of customers. The second act performed by Mr. White in order to facilitate the instant offense was also an act which could have been performed by any branch employee. All branch employees had the ability to issue cashier's checks which were funded by money from a bank customer's account. Thus, Mr. White's specific position with Mercantile Potomac Bank did not assist him in committing the instant offense and his position did not make committing the instant offense easier. Mr. White's offense related conduct was conduct which could have just as easily been committed by any branch employee regardless of that employee's position.[2]

With regard to the concealment of Mr. White's offense, his position at the bank did not in any way assist him with any ability to conceal his offense. Mr. White's job at the bank did not enable him to hide the fact that the offense was committed. His position did not give him any unique authority to manipulate bank records or to disguise bank transactions. Further, Mr. White's position

---

[2] Arguably, the commission of the instant offense would have been easier for an ordinary bank teller because it is the day to day job duty of bank tellers to conduct the types of transactions involved in this case.

gave him no oversight or control with regard to uncovering crimes such as his or with respect to the investigation of such crimes. In fact, only three days after Mr. White took money from a customer's account, Mr. White's employer sent a letter to the customer in order to notify the customer that a sizeable withdrawal had recently been made from his account. The letter advised the customer that "[a]s part of [the bank's] on-going efforts to maintain accurate customer information, we need to verify that the information shown below is accurate." Exhibit 1. The letter then informs the customer that $126,800 had been withdrawn from a particular CD account on April 12, 2006 and that the customer should notify the bank if there is any problem. The customer's brother immediately contacted the bank and informed the bank that the withdrawal was neither made by the customer nor made by anyone acting on the customer's behalf. The bank then conducted an investigation and Mr. White immediately became the primary suspect. Mr. White was confronted and his misconduct ultimately caused him to become separated from the bank.

    Clearly, since Mr. White was unable to prevent the bank from sending the notification letter to the customer, Mr. White had no control over the bank's detection of suspicious account activity and he had no control over the bank's attempt to notify customers about suspicious activity. Additionally, the facts of this case show that Mr. White had no authority or discretion with regard to the investigation of any potential misconduct. Mr. White also had no control concerning what, if any, action would be taken against him as a result of his conduct. As discussed above, because Mr. White's position at Mercantile Potomac Bank did not play any significant role in terms of his ability to either commit or conceal his offense, an enhancement pursuant to U.S.S.G. 3B1.3 is improper.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
TONY W. MILES
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500

/17/2006  16:41     3019637616               MERCANTILE POTOMAC
4/17/00  MON 10:41 FAX 2020/ 7139            HARNAM_ARNEJA                     PAGE  04/07
                                                                                    ☑004

Direct inquiries to:                                          Page 1 of 1

 **MERCANTILE POTOMAC BANK**
A DIVISION OF MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY
702 RUSSELL AVENUE                              Bank
GAITHERSBURG, MARYLAND 20877-2806               Certificate No.        015
1-888-345-1500                                                         5050508
                                                Date                   04/13/06


SLEIMAN E. BOUERI
ELIAS BOWERY (POA)
2803 CALGARY AVE
KENSINGTON MD 208952810

# CERTIFICATE OF DEPOSIT
## Withdrawal Notice

Dear Customer:

Recently, a withdrawal was made from your Certificate of Deposit account. As a part of our on-going efforts to maintain accurate customer information, we need to verify that the information shown below is accurate:

- Certificate of Deposit Number -    5050508
- Withdrawal Amount -                126,800.00
- Transaction Date -                 04/12/2006

If the above information is correct, no action is necessary. If there are any errors, please contact your local banking office.