UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No. 07-098 (PLF) |
| : | |
| v. : | |
| : | |
| **JAMES WHITE,** : | |
| Defendant. : | |

### GOVERNMENT'S SUPPLEMENTAL
### MEMORANDUM IN AID OF SENTENCING[1]

The United States, by and through its attorney, the United States Attorney for the District of Columbia, submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court, sentence Mr. White to a period of incarceration at the low end of the United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") range of 21-27 months.

### BACKGROUND

On May 29, 2007 Mr. White pled guilty to one count of bank embezzlement, in violation of 18 U.S.C. § 656. When Mr. White pled guilty he was represented by counsel, Barry Johnson, Esq. On December 17, 2007, Mr. Johnson filed a motion to withdraw as Mr. White's counsel, and the Court granted the motion on December 19, 2007.

On February 21, 2008, the Court appointed Tony Miles, Esq. of the Federal Public Defender Service to represent Mr. White. Mr. White – through his new counsel, Mr. Miles – filed a supplemental sentencing memorandum on April 3, 2008, and another supplemental sentencing memorandum on April 11, 2008. Mr. White filed the April 11, 2008 supplemental sentencing memorandum after the undersigned Assistant United

---

[1] The government filed its original sentencing memorandum on September 28, 2007.

- 1 -

States Attorney advised Mr. Miles on April 9, 2008 that the government would not consider Mr. White to be in breach of the terms of the plea agreement if he argued that the abuse of trust enhancement under U.S.S.G. § 3B1.3 did not apply in this case. This supplemental sentencing memorandum is in response to the arguments made by Mr. White in his April 11, 2008 supplemental sentencing memorandum. A sentencing hearing in Mr. White's case is currently scheduled for April 15, 2008.

## ABUSE OF TRUST

Under Section 3B1.3 of the Guidelines, a sentencing court must increase a defendant's offense level by two levels if the defendant "'abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense.'" U.S.S.G. §3B1.3. The Guidelines describe this section as applying to positions of public or private trust "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference.)" U.S.S.G. Commentary § 3B1.3, Application Note 1.

The district court must determine whether the defendant: (1) occupied a position of trust and (2) abused that position in a manner that significantly facilitated the commission or concealment of the offense. United States v. Broumas, 69 F.3d 1178, 1181 (D.C. Cir. 1995), cert. denied, 517 U.S. 1148 (1996) (*quoting* United States v. West, 56 F.3d 216, 219 (D.C. Cir. 1995)).

To determine whether a position is one of trust, the D.C. Circuit suggests the trial court consider: "[t]he extent to which the position provides the freedom to commit a difficult-to-detect wrong, and whether an abuse could be simply or readily noticed; defendant's duties as compared to those of other employees; defendant's level of

specialized knowledge; defendant's level of authority in the position; and the level of public trust." United States v. Shyllon, 10 F.3d 1, 5 (D.C. Cir. 1993), cert. denied, 510 U.S. 1206 (1994).  Moreover, "a position of trust, if any, must be established from the perspective of the victim."  Id. at 5 (emphasis added).

When Mr. White committed this offense, he was employed by the Mercantile Potomac Bank as a sales manager.  Mr. White fraudulently cashed a certificate of deposit that belonged to one of his customers that he knew personally, Mr. Sleiman El Boueri, in the amount of $126,800.  Mr. White then directed one of the bank tellers to issue a cashier's check with the money that he had just fraudulently withdrawn so that Mr. White could pay off a loan that he had taken in which he used his house as collateral.

In United States v. Barret, the Second Circuit found that the abuse of trust enhancement under U.S.S.G. § 3B1.3 applied to a sales manager at a financial institution who had embezzled over $700,000 from that institution over the course of 6 years.  78 F.3d 643, 646 (2nd Cir. 1999).  In Barret, the defendant-appellant argued that the abuse of trust enhancement should not apply because the defendant-appellant's "job merely involved sales rather than some fiduciary position within the financial operations of [the victim financial institution]" and because the defendant-appellant "lacked the requisite discretionary authority because he could not issue checks independently but instead had to request them from [the] accounting department like any other company employee."  See Id. at 646.  The Second Circuit rejected defendant-appellant's arguments, finding that those arguments "incorrectly limit[ed] Section 3B1.3 enhancements to fiduciaries because the guideline is not that narrow," and that "[t]he common thread in these cases is

'the extent to which the position provides the freedom to commit a difficult-to-detect wrong' rather than a legally defined duty such as fiduciary duty." Id.

The fact that Potomac Mercantile Bank immediately detected Mr. White's fraudulent activity does not weigh against the application of the abuse of trust enhancement. Mr. White withdrew money from a certificate of deposit that belonged to a customer of his that he knew personally. That customer, Mr. El Boueri, was out of the country when Mr. White fraudulently cashed Mr. El Boueri's certificate of deposit. Mr. White probably knew that, and based on that knowledge, his access to the account information and his ability to direct bank tellers to issue cashier's checks from funds withdrawn from bank customer's accounts, Mr. White assumed that his activity would go undetected. That Potomac Mercantile Bank has an automated system in place to flag potentially fraudulent activity should not cut in Mr. White's favor.

The facts are that Mr. White had access to Mr. El Boueri's account because he was a sales manager who had a business relationship with Mr. El Boueri. Mr. White abused his position of trust when he fraudulently withdrew money from Mr. El Boueri's certificate of deposit, and then directed a bank teller to issue a cashier's check with that money. Therefore, the abuse of trust enhancement under U.S.S.G § 3B1.3 should apply to Mr. White's case, and his total offense level should be 16.

- 5 -

## CONCLUSION

The Government recommends that the Court find that Mr. White's total offense level is 16, with a criminal history category of I, and sentence the defendant to the low end of the applicable Sentencing Guidelines range of 21-27 months.  Such a sentence would be reasonable and would also be justified by consideration of the sentencing factors enumerated in 18 U.S.C. § 3553.

        Respectfully,

        JEFFREY A. TAYLOR
        United States Attorney

        _____/s/_____
        LOUIS RAMOS
        Assistant United States Attorney
        D.C.  Bar No. 472-176
        555 4th Street, N.W.
        Washington, DC 20530
        Phone: 514-7582
        Email:  louis.ramos@usdoj.gov