UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 07-0098 (PLF) |
| JAMES T. WHITE, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

The question currently before the Court is the applicability in this case of the enhancement in Section 3B1.1 of the Sentencing Guidelines for an abuse of a position of trust. As the D.C. Circuit has noted, "in determining the applicability of section 3B1.3, the court must decide (1) whether the defendant occupied a position of trust; and (2) whether the defendant abused that position in a manner that significantly facilitated the commission or concealment of the offense." United States v. West, 56 F.3d 216 (D.C. Cir. 1995). An application note explains:

> "Public or private trust" refers to a position of public or private trust characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature. For this enhancement to apply, the position of public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (e.g., by making the detection of the offense or the defendant's responsibility for the offense more difficult). This adjustment, for example, applies in the case of an embezzlement of a client's funds by an attorney serving as a guardian, a bank executive's fraudulent loan scheme, or the criminal sexual abuse of a patient by a physician under the guise of an examination. This adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel

>clerk because such positions are not characterized by the above-
>described factors.

U.S.S.G. § 3B1.3, app. note 1.

The Court has reviewed the parties' submissions, the transcript of the defendant's plea, the statement of offense that accompanied the plea agreement, and the Presentence Investigation Report. The Court also has engaged in independent research and has reviewed a large number of published opinions on this issue from many of the courts of appeals, with an emphasis on cases that involved employees of banks. See, e.g., United States v. Humphrey, 279 F.3d 372 (6th Cir. 2002); United States v. Tiojanco, 286 F.3d 1019 (7th Cir. 2002); United States v. Chanthaseng, 274 F.3d 586 (1st Cir. 2001); United States v. Anderson, 259 F.3d 853 (7th Cir. 2001); United States v. Sonsalla, 241 F.3d 904 (7th Cir. 2001); United States v. Medrano, 241 F.3d 740 (9th Cir. 2001); United States v. Barrett, 178 F.3d 643 (2d Cir. 1999); United States v. Isaacson, 155 F.3d 1083 (9th Cir. 1998); United States v. Ragland, 72 F.3d 500 (6th Cir. 1996); United States v. Gordon, 61 F.3d 263 (4th Cir. 1995); United States v. Broumas, 69 F.3d 1178 (D.C. Cir. 1995); United States v. Hathcoat, 30 F.3d 913 (7th Cir. 1994) (remanded due to insufficient evidence in the record on the abuse of position of trust issue); United States v. Craddock, 993 F.3d 338 (3d Cir. 1993); United States v. Shyllon, 10 F.3d 1 (D.C. Cir. 1993); United States v. Lieberman, 971 F.2d 989 (3d Cir. 1992); United States v. Brelford, 982 F.2d 269 (8th Cir. 1992); United States v. McMillen, 917 F.2d 773 (3d Cir. 1990); United States v. Ehrlich, 902 F.2d 327 (5th Cir. 1990).

It is the government's burden to prove by a preponderance of the evidence that any sentencing enhancement found in the Guidelines applies. The Court concludes that there is

not a sufficient evidentiary record at this time to determine whether or not the defendant abused a position of trust within the meaning of Section 3B1.1. Factors about which the Court might need evidence include (but are not limited to) topics such as the scope of defendant's authority, his responsibilities, the level of discretion he was able to exercise, the level of supervision and control the bank retained, how any of these factors compared to those of other employees at the bank, and how defendant's position of trust, if he is shown to have had one, "contributed in some significant way to facilitating the commission or concealment of the offense."

The sentencing currently is scheduled to take place on April 23, 2008 at 10:00 a.m. Counsel are directed to file a joint status report with the Court before noon on April 22, 2008, informing the Court whether: (1) the government intends to proceed with the scheduled sentencing and abandon its argument that the sentencing enhancement for an abuse of a position of trust should apply; (2) either or both parties would like to request a continuance in order to prepare to present evidence to the Court on this issue at a later date; or (3) both parties will be prepared to proceed with the scheduled sentencing on April 23, 2008 and will be able to present evidence and address this issue at that time.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 18, 2008